[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11464
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-60870-RNS


LAZARO SANTIAGO RODRIGUEZ,

                                                      Plaintiff-Appellant,

versus

SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY,

                                                      Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 2, 2015)

Before MARTIN, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Lazaro Santiago Rodriguez, a Hispanic male, appeals the district court's grant of summary judgment to the Secretary of the Department of Homeland Security in an employment discrimination suit under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-16(a), and the Age Discrimination in Employment Act, 29 U.S.C. § 633a(a). In 2012, Rodriguez filed a five-count complaint, alleging that the DHS had failed to promote him for discriminatory and retaliatory reasons, and that the DHS's facially neutral evaluation system had a disparate impact on minority applicants. The district court found that Rodriguez's disparate impact claim was barred by res judicata and granted summary judgment to the DHS on his remaining claims.

Rodriguez advances three arguments on appeal. First, he argues that the magistrate judge abused her discretion by denying, in part, his motion to compel discovery. Second, he argues that the district court erred by granting summary judgment on his discrimination claims because he established that the DHS's proffered legitimate nondiscriminatory reasons for not promoting him were pretextual. Finally, he argues that the district court erred by granting summary judgment on his retaliation claim because he demonstrated a causal connection between the DHS's failure to promote him and a prior complaint alleging discrimination. After careful review, we affirm.

2

I.

We first address Rodriguez's argument that the magistrate judge abused her discretion by denying, without prejudice, his motion to compel discovery related to job vacancies for which he did not apply.[1] We review the district court's management of discovery for an abuse of discretion. Adkins v. Christie, 488 F.3d 1324, 1330 (11th Cir. 2007). "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1306 (11th Cir. 2011) (quotation marks omitted). Therefore, we will reverse only if we "determine that the district court has made a clear error of judgment or has applied an incorrect legal standard." SunAmerica Corp. v. Sun Life Assurance Co. of Canada, 77 F.3d 1325, 1333 (11th Cir. 1996) (internal citation and quotation marks omitted).

Although Rodriguez argues that information related to other job vacancies is relevant to both his disparate impact and discriminatory treatment claims, he has failed to explain how. First, the district court held that Rodriguez's disparate impact claim was barred by res judicata, and he has not appealed that dismissal. Second, because the information that Rodriguez seeks involves other applicants and other vacancies, it sheds no light on why the DHS failed to promote him. It is

---

[1] The magistrate judge granted all of Rodriguez's discovery requests related to the job vacancy for which he did apply.

within the district court's discretion to deny discovery requests that are overbroad or irrelevant.  Josendis, 662 F.3d at 1307.  We find no reversible error in the magistrate judge's partial denial of Rodriguez's motion to compel discovery.

## II.

We turn next to Rodriguez's argument that the district court erred by granting summary judgment on his discrimination claims.  We review de novo the grant of a motion for summary judgment, viewing evidence in the light most favorable to the non-moving party.  Carter v. Three Springs Residential Treatment, 132 F.3d 635, 641 (11th Cir. 1998).

Title VII prohibits discrimination based on race, color, religion, sex, or national origin in employment decisions made by federal agencies, including the DHS.  42 U.S.C. § 2000e-16(a).  Similarly, the ADEA prohibits discrimination based on age for those who are at least 40 years old.  29 U.S.C. § 633a(a).  For discrimination claims that rely on circumstantial evidence—like Rodriguez's—we apply the burden-shifting analysis from McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973).  See, e.g., Sims v. MVM, Inc., 704 F.3d 1327, 1332 (11th Cir. 2013) (age discrimination); Carter, 132 F.3d at 642 (racial discrimination).

In a refusal-to-promote case alleging racial discrimination, the plaintiff can establish a prima facie case by showing that: "(1) the plaintiff is a member of a

4

protected minority group; (2) the plaintiff was qualified for and applied for the promotion; (3) the plaintiff was rejected in spite of his qualifications; and (4) the individual who received the promotion is not a member of a protected group and had lesser or equal qualifications." Carter, 132 F.3d at 642. In a refusal-to-promote case alleging age discrimination, the plaintiff can establish a prima facie case by showing: "(1) that he was a member of the protected group of persons between the ages of forty and seventy; (2) that he was subject to adverse employment action; (3) that a substantially younger person filled the position that he sought or from which he was discharged; and (4) that he was qualified to do the job for which he was rejected." Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1432 (11th Cir. 1998).

If a plaintiff establishes a prima facie case, the "burden [of production] then shifts to the employer to articulate legitimate nondiscriminatory reasons for the failure to promote." Carter, 132 F.3d at 643. The employer may rely on subjective evaluations as long as the employer provides "a clear and reasonably specific factual basis" for those evaluations. Chapman v. Al Transp., 229 F.3d 1012, 1034 (11th Cir. 2000) (en banc).

If the employer meets its burden, the plaintiff must then demonstrate that the defendant's proffered reason for failing to promote the plaintiff was pretextual. Carter, 132 F.3d at 644. To show pretext, "[t]he plaintiff must meet the reason

5

proffered head on and rebut it." Crawford v. City of Fairburn, Ga., 482 F.3d 1305, 1308 (11th Cir. 2007). He must "present concrete evidence in the form of specific facts which show[] that the defendant's proffered reason [is] mere pretext." Bryant v. Jones, 575 F.3d 1281, 1308 (11th Cir. 2009) (quotation omitted). A plaintiff's belief that he was qualified for a promotion, without more, is insufficient to establish pretext. Brooks v. Cnty. Comm'n of Jefferson Cnty., 446 F.3d 1160, 1163–64 (11th Cir. 2006).

In this case, the district court did not err by concluding that the DHS articulated a legitimate, nondiscriminatory reason for its failure to promote Rodriguez. The DHS showed that it promoted candidates with better ratings on a subjective evaluation form. It also provided clear and specific factual bases for these subjective evaluations, including that Rodriguez rarely volunteered for additional duties and did not take on leadership roles.

Neither did the district court err by concluding that Rodriguez failed to demonstrate pretext. He has produced no evidence demonstrating that his supervisors provided false explanations for their evaluations, or that their evaluations were motivated by age, race, or national origin. See Combs v. Plantation Patterns, 106 F.3d 1519, 1529 (11th Cir. 1997) ("[A] plaintiff is entitled to survive summary judgment . . . if there is sufficient evidence to demonstrate the

existence of a genuine issue of fact as to the truth of each of the employer's proffered reasons for its challenged action.").

### III.

Finally, we address Rodriguez's argument that the district court erred by granting summary judgment on his retaliation claim. Title VII prohibits an employer from retaliating against an employee for his opposition to an unlawful employment practice. 42 U.S.C. § 2000e-3(a). An employee establishes a prima facie case of retaliation by showing that: "(1) [he] engaged in an activity protected under Title VII; (2) [he] suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action." Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008).

"To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." Shannon v. Bellsouth Telecomms., Inc., 292 F.3d 712, 716 (11th Cir. 2002) (quotation omitted). Rodriguez has failed to show a casual connection between the DHS's failure to promote him and prior protected activity—specifically, an earlier discrimination complaint. First, there is no evidence that the DHS employee who selected applicants for promotion knew that Rodriguez had previously filed a complaint alleging discrimination. Beyond that, unrebutted evidence shows that three of the four supervisors who evaluated

7

Rodriguez did not know about his prior discrimination complaint.  Rodriguez has therefore not demonstrated that the relevant decision-makers knew of any protected conduct.

**AFFIRMED.**